[No. A085065. First Dist., Div. Four. Oct. 25, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
JUAN MIGUEL CISNEROS, Defendant and Appellant.

**COUNSEL**

A. Charles Dell'Ario, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Ronald S. Matthias

and Susan Duncan Lee, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HANLON, P. J.**—The trial court denied appellant Juan Miguel Cisneros admission to the deferred entry of judgment program in which first time drug offenders are diverted to a rehabilitation program with judgment deferred and criminal charges dismissed upon successful completion of the program. (Pen. Code, § 1000 et seq. [all further statutory references are to this code except as noted].) The probation department recommended appellant's admission to the program but the trial court denied admission because appellant is an illegal alien. The trial court concluded that appellant's illegal entry and unregistered residency in the United States was "criminal conduct" that automatically rendered him "unsuitable for deferred entry of judgment." (§ 1000.3.)

We conclude that the trial court erred in ruling that illegal aliens are categorically excluded from participation in the deferred judgment program for first time drug offenders. Trial courts are free to consider illegal alien status as a factor in determining whether a defendant is a good candidate for the deferred judgment program, but illegal alien status is not an automatic disqualification.

### FACTS

On December 8, 1997, a bar's security guard saw appellant with a baggie of suspected cocaine and telephoned the police. Appellant was arrested and charged with possession of cocaine and possession of a fake identification card. (Pen. Code, 529.5, subd. (c); Health & Saf. Code, § 11350, subd. (a).) The court referred appellant to the probation department for determination of eligibility for the deferred entry of judgment program. (Pen Code, § 1000.1, subd. (b).) The probation department recommended appellant's admission to the deferred judgment program for a period of 18 months, conditioned upon appellant's completion of drug treatment and payment of administrative and restitution fees. In listing certain social factors, the probation officer noted that appellant said he is an undocumented immigrant who has not established legal, permanent residency.

A hearing on whether to admit appellant to the deferred entry of judgment program was set for June 24, 1998. At that time, defense counsel noted the

probation department's positive recommendation and appellant offered to plead guilty in order to enter the program. The prosecutor said: "No objection." However, the court expressed concern with appellant's illegal alien status. The court said: "I don't see how a defendant can obey the diversion requirements when he's violating a federal law each day." The court said it saw a distinction between diversion and probation that likewise requires obedience to all laws, but the court did not explain the distinction. Appellant's counsel requested a continuance to permit further research and the court set a hearing for August 12, 1998.

In advance of the August hearing, the prosecutor filed a brief objecting to appellant's participation in the deferred judgment program. The prosecutor observed that entry into the United States without inspection is a misdemeanor, as is continued residency without registration. (8 U.S.C. §§ 1302(a), 1306(a), 1325(a).) The prosecutor argued that appellant is committing a misdemeanor daily by failing to register.

A different trial judge presided over the continued hearing. The court reiterated the concern that an illegal alien cannot satisfy the deferred judgment program's condition that participants obey all laws. The court did observe, however, that the diversion program has for years accepted defendants who are illegal aliens. The court was also concerned that a broad application of the obey-all-laws condition would make every illegal alien ineligible for both diversion and probation, mandating imprisonment for first time drug offenders. The court took the matter under submission and set a date to announce its ruling.

The court announced its ruling on November 5, 1998. The court denied appellant admission to the deferred entry of judgment program, stating: "[I]t is inappropriate for Mr. Cisneros to be on diversion in that one of the criminal rights of diversion is that a divertee obey all laws, and by definition, if Mr. Cisneros is not in the United States of America legally, he is not obeying all laws . . . ." The court noted that an alien's failure to register is a misdemeanor. Appellant's violation of law as an illegal, unregistered alien "precludes the defendant from being placed on diversion."

Appellant later pled guilty to possessing cocaine pursuant to a negotiated plea. The court suspended imposition of sentence and placed appellant on probation conditioned upon serving 60 days in jail and obeying all laws. The court stayed the jail term pending resolution of this appeal.

## STATUTORY OVERVIEW

The Legislature has provided that certain first time drug offenders meeting specified conditions may "bypass the normal criminal process and enter a drug treatment program." (*Terry v. Superior Court* (1999) 73 Cal.App.4th 661, 663-664 [86 Cal.Rptr.2d 653]; § 1000 et seq.) The original state program of pretrial drug diversion has been replaced with the current program in which the defendant pleads guilty but judgment is deferred. (*Terry, supra*, at p. 664.) A defendant is eligible for deferral of judgment if, among other things, he or she has no prior drug convictions and no recent felony convictions. (§ 1000, subd. (a)(1), (6).)

With the defendant's consent, the trial court may refer a defendant to the probation department for a determination as to whether the defendant would be benefited by drug education, treatment, or rehabilitation. (§ 1000.1, subd. (b).) The probation department reports its findings and recommendations to the court, which makes the final determination as to whether to defer entry of judgment. (*Ibid.*)

The court may defer judgment for a period from 18 months to 3 years, during which time the court receives progress reports. (§ 1000.2.) The prosecutor, probation department or court may move for entry of judgment if the defendant "is performing unsatisfactorily in the assigned program . . . ." (§ 1000.3.) Unsatisfactory performance includes conviction of a "misdemeanor that reflects the defendant's propensity for violence," conviction of any felony, or "criminal conduct" rendering the defendant "unsuitable for deferred entry of judgment." (*Ibid.*) If the defendant does perform satisfactorily throughout the duration of the rehabilitation program, then the criminal charge is dismissed and disclosure of the defendant's arrest record is strictly limited. (§§ 1000.3, 1000.4.)

■ "The plain objective of section 1000 is to permit 'the courts to identify the experimental or tentative user before he becomes deeply involved in drugs, to show him the error of his ways by prompt exposure to educational and counseling programs in his own community, and to restore him to productive citizenship without the lasting stigma of a criminal conviction' and thereby reduce 'the clogging of the criminal justice system.'" (*Terry v. Superior Court, supra,* 73 Cal.App.4th at p. 664, quoting *People v. Superior Court (On Tai Ho)* (1974) 11 Cal.3d 59, 61-62 [113 Cal.Rptr. 21, 520 P.2d 405].)

## DISCUSSION

█ The trial court erred in ruling that illegal aliens are categorically excluded from participation in the deferred judgment program for first time drug offenders. Trial courts are free to consider illegal alien status as a factor in determining whether a defendant is a good candidate for the deferred judgment program, but illegal alien status is not an automatic disqualification. The court did not weigh appellant's illegal alien status as one of many factors, as the People argue. The court stated: "[I]t is inappropriate for Mr. Cisneros to be on diversion in that one of the criminal rights of diversion is that a divertee obey all laws, and *by definition*, if Mr. Cisneros is not in the United States of America legally, he is not obeying all laws . . . ." (Italics added.) The court found that appellant's violation of law as an illegal, unregistered alien "precludes the defendant from being placed on diversion." The court erred.

The deferred entry of judgment program is "a creature of statute." *(Terry v. Superior Court, supra,* 73 Cal.App.4th at p. 665.) A court may not impose conditions beyond those specified in the statute, absent a compelling necessity. *(Ibid.)* As remedial legislation, the deferral program must also be liberally construed to promote its objectives of rehabilitating novice drug users and of reducing congestion in the criminal justice system. *(Parra v. Municipal Court* (1978) 83 Cal.App.3d 690, 694 [148 Cal.Rptr. 203].)

The statutory eligibility standards do not preclude an illegal alien's participation in the deferral program. Certain past or current criminality disqualifies a defendant from admission to the program, but a misdemeanor violation of immigration laws is not one of the listed disqualifiers. (§ 1000, subd. (a).)[1] The standards for successful completion of the program have broader proscriptions against criminality. A defendant may be terminated from the program, and judgment of conviction entered, if the defendant is

---

[1]Section 1000, subdivision (a) provides, in relevant part, that a defendant may be considered for admission to the deferral program where "(1) The defendant has no conviction for any offense involving controlled substances prior to the alleged commission of the charged offense. [¶] (2) The offense charged did not involve a crime of violence or threatened violence. [¶] (3) There is no evidence of a violation relating to narcotics or restricted dangerous drugs other than a violation of the sections listed in this subdivision. [¶] (4) The defendant's record does not indicate that probation or parole has ever been revoked without thereafter being completed. [¶] (5) The defendant's record does not indicate that he or she has successfully completed or been terminated from diversion or deferred entry of judgment . . . within five years prior to the alleged commission of the charged offense. [¶] (6) The defendant has no prior felony conviction within five years prior to the alleged commission of the charged offense."

convicted of either a violent misdemeanor or a felony, or if the defendant engages in "criminal conduct rendering him or her unsuitable for deferred entry of judgment . . . ." (§ 1000.3.) The trial court's reference to an obey-all-laws condition appears to be an inexact invocation of this provision, with terminology drawn from probation cases.

Section 1000.3's provision against criminal conduct does not operate as a categorical exclusion of illegal aliens from the deferred entry of judgment program. A diversion (or deferral) program may be viewed as "a specialized form of probation, available to a different class of defendants but sharing many similarities with general probation and commitment for addiction." (*People v. Superior Court (On Tai Ho)*, *supra*, 11 Cal.3d at p. 66.) Illegal alien status is a legitimate factor for consideration but does not categorically preclude a grant of probation. (*People v. Sanchez* (1987) 190 Cal.App.3d 224, 231 [235 Cal.Rptr. 264].) An illegal alien may be a poor candidate for probation given typically limited ties to the community and the prospect of deportation. (*Ibid.*) The same considerations may weigh against admitting an illegal alien to the deferred entry of judgment program. However, a defendant's misdemeanor violations of the immigration laws in entering the United States without inspection and failing to register do not necessarily constitute "criminal conduct rendering him or her unsuitable for deferred entry of judgment . . ." in every instance. (§ 1000.3.)

Interpreting section 1000.3 as a categorical exclusion of illegal aliens from the deferred entry of judgment program would create an inconsistency within the law. Lawfulness is required for both deferral and probation and yet illegal aliens would be excluded from only the deferral program. We are unable to discern the legal basis for the trial court's belief that an illegal alien is sufficiently obeying all laws for a grant of probation and yet is engaging in criminal conduct rendering him unsuitable for deferred entry of judgment. The People offer only the vague suggestion that probation and deferral "might" incorporate "different expectations of law compliance." We reject the suggestion that there is a lower expectation of lawfulness for probationers, who are required to obey all laws. (*People v. Cortez* (1962) 199 Cal.App.2d 839, 844 [19 Cal.Rptr. 50].)

The trial court misinterpreted section 1000.3 as a categorical exclusion of illegal aliens from the deferred entry of judgment program. Given our interpretation of section 1000.3, we need not reach appellant's argument that a per se exclusion of illegal aliens from the program violates his constitutional right to equal protection of the laws.

## DISPOSITION

The judgment is reversed and the case is remanded to permit the trial court to exercise its discretion in determining if deferral is appropriate in this case.

Sepulveda, J., and Poché, J.,* concurred.

---

*Retired Associate Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.