*791
 
 Opinion
 

 WERDEGAR, J.
 

 Following denial of her motion to suppress incriminating evidence, defendant Mary Lucia Mazurette pleaded no contest to violating Health and Safety Code section 11377, possession of methamphetamine. Entry of judgment was deferred pursuant to Penal Code
 
 [1]
 
 section 1000 et seq., and she entered a drug diversion program. We granted review to decide whether sections 1000-1000.4 preclude defendant from immediately appealing the trial court’s decision denying her suppression motion. As explained below, we conclude the Court of Appeal correctly dismissed defendant’s appeal.
 

 Facts
 

 Officer Eric Huisar was on patrol in the City of Claremont when he observed defendant Mazurette driving a car with an expired registration, an infraction under Vehicle Code section 4000, subdivision (a). The officer stopped defendant and arrested her on discovering she was also driving with a suspended license, a misdemeanor under Vehicle Code section 14601.1. At the police station, communications supervisor Yvonne Coffey and a records clerk trainee, Kathy Walls, searched defendant to determine whether she possessed any weapons or contraband. Officer Huisar and a male jailer were also present. While defendant remained fully clothed, Coffey and Walls patsearched her and reached under and through her clothes and pulled back portions of her brassiere. A small envelope of white powder fell out when Coffey pulled through defendant’s sweater on the front part of her brassiere. Defendant was then booked on suspicion of possessing methamphetamine. At no time were defendant’s breasts or genitals exposed, although Walls may have lifted the back of defendant’s sweater, slightly exposing her skin.
 

 Defendant was charged with the two Vehicle Code violations as well as violating Health and Safety Code section 11377, possession of methamphetamine, a felony. She moved before trial to suppress the packet of methamphetamine, claiming she had been improperly subjected to a strip search. The trial court denied the motion, whereupon defendant pleaded nolo contendere to possession of methamphetamine and the two Vehicle Code violations. With defendant’s consent, the trial court deferred entry of judgment pursuant to Penal Code sections 1000.1 and 1000.2 and ordered defendant diverted from the criminal justice system to undergo drug rehabilitation.
 

 Trial counsel filed a notice of appeal, and new counsel was appointed. Appointed counsel found no issue of potential merit and filed a
 
 Wende
 
 brief
 
 *792
 

 (People v. Wende
 
 (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071]) with the Court of Appeal. That court requested briefing on whether the trial court’s order denying the suppression motion was an appealable order, whether defendant’s no contest
 
 [2]
 
 plea was an appealable judgment, and whether defendant could appeal following an order deferring entry of judgment. After receiving briefing, the appellate court dismissed the appeal, reasoning that “there is no right to appeal from an order denying a motion to suppress evidence if the defendant has pled guilty or no contest and been granted deferred entry of judgment.”
 

 . Discussion
 

 A.
 
 Appealability
 

 “It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute.”
 
 (People
 
 v.
 
 Chi Ko Wong
 
 (1976) 18 Cal.3d 698, 709 [135 Cal.Rptr. 392, 557 P.2d 976], disapproved on another point in
 
 People
 
 v.
 
 Green
 
 (1980) 27 Cal.3d 1, 33-34 [164 Cal.Rptr. 1, 609 P.2d 468]; see also
 
 Powers
 
 v.
 
 City of Richmond
 
 (1995) 10 Cal.4th 85, 109-110 [40 Cal.Rptr.2d 839, 893 P.2d 1160] and cases cited (plur. opn. of Kennard, J.).)
 

 The question whether a criminal defendant granted a deferred entry of judgment can, immediately following his or her plea of guilty or nolo contendere, appeal an adverse pretrial decision on a motion to suppress evidence arises from the interplay among three sets of statutes. The first statute is section 1237, which sets forth the situations in which a criminal defendant may appeal: “An appeal may be taken by the defendant: fl[] (a) From a final judgment of conviction except as provided in Section 1237.1 and Section 1237.5. A sentence, an order granting probation, or the commitment of a defendant for insanity, the indeterminate commitment of a defendant as a mentally disordered sex offender, or the commitment of a defendant for controlled substance addiction shall be deemed to be a final judgment within the meaning of this section. Upon appeal from a final judgment the court may review any order denying a motion for a new trial, [f] (b) From any order made after judgment, affecting the substantial rights of the party.” Section 1237 thus establishes the general rule that a criminal defendant can appeal only from final judgments and those orders deemed by statute to be final judgments.
 

 Because defendant pleaded no contest to the felony charge, a second set of statutes, those governing criminal appeals following pleas of guilty or no
 
 *793
 
 contest, comes into play. Section 1237.5 provides the general rule: “No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where [certain conditions are met].” A special case, however, is presented when a defendant enters such a plea following an adverse decision on a motion to suppress evidence based on a claim of an illegal search and/or seizure. (3) Section 1538.5, subdivision (m) (hereafter section 1538.5(m)) announces this exception, providing that “[a] defendant may seek further review of the validity of a search or seizure on appeal from a conviction in a criminal case notwithstanding the fact that the judgment of conviction is predicated upon a plea of guilty.” This rule applies to pleas of nolo contendere as well as pleas of guilty.
 
 (People
 
 v.
 
 West
 
 (1970) 3 Cal.3d 595, 600-601 [91 Cal.Rptr. 385,
 
 477
 
 P.2d 409].)
 

 A third set of statutes complicates the picture. Sections 1000.1 and 1000.2 provide that, in appropriate cases, the court can accept a guilty or no contest plea but defer entry of the judgment of conviction pending the defendant’s attempt to successfully complete a drug rehabilitation program. (§ 1000.1, subd. (b) [“If the court determines that it is appropriate, the court shall grant deferred entry of judgment if the defendant pleads guilty to the charge or charges and waives time for the pronouncement of judgment”].) If the defendant successfully completes the assigned program, “the criminal charge or charges shall be dismissed” (§ 1000.3, 4th par.), in which case no judgment of conviction will be entered into the record and, with limited exceptions, the defendant need never reveal she was even arrested, let alone that she was charged with a felony, pleaded guilty, and was granted a deferred entry of judgment. (§ 1000.4.) Under these circumstances, of course, no need would arise to appeal the denial of a suppression motion. If the defendant’s attempt at rehabilitation is unsuccessful, however, “the court shall render a finding of guilt to the charge or charges pled, enter judgment, and schedule a sentencing hearing as otherwise provided in this code.” (§ 1000.3, 3d par.)
 

 The intersection of these three sets of statutes creates the uncertainty in this case. Defendant here pleaded no contest, and the court accepted her plea. Normally, section 1237.5 would preclude her from appealing.
 
 [3]
 
 But because she pleaded following denial of her suppression motion raising a claim of an illegal search, section 1538.5(m) would permit her to appeal
 
 *794
 
 from a final judgment of conviction. In defendant’s case, however, the trial court, with her consent, deferred entry of judgment pursuant to section 1000.1. Accordingly, there is—as yet—no judgment from which defendant can appeal. If she successfully completes her rehabilitation, the charges will be dismissed and the slate wiped clean. If, instead, defendant fails to “perform[] satisfactorily” in her assigned program, “is not benefiting from education, treatment, or rehabilitation,” or engages in additional criminal behavior, “the court shall render a finding of guilt to the charge or charges pled,
 
 enter judgment,
 
 and schedule a sentencing hearing as otherwise provided in this code.” (§ 1000.3, 3d par., italics added.) Only following entry of judgment pursuant to section 1000.3 will a judgment exist from which defendant can appeal.
 

 Our conclusion that defendant cannot appeal following a deferred entry of judgment is consistent with the plain meaning of sections 1237 and 1237.5.
 
 (People
 
 v.
 
 Valladoli
 
 (1996) 13 Cal.4th 590, 597 [54 Cal.Rptr.2d 695, 918 P.2d 999] [the “first step” in statutory construction “is to scrutinize the actual words of the statute, giving them a plain and commonsense meaning”].) Because a deferred entry of judgment is neither a final judgment nor listed in section 1237 as one of the types of orders deemed to be final judgments for purposes of appeal, we would diverge from that section’s plain meaning were we nevertheless to conclude defendant was entitled to appeal. And, although section 1237.5 lists the special conditions that will permit an appeal from a “judgment of conviction” following a plea of nolo contendere, that section has no application when, as here, there is not, as yet, a judgment of conviction.
 

 Lacking a judgment of conviction, defendant’s no contest plea, standing alone, is insufficient to constitute an appealable final judgment. Section 1000.1, subdivision (d) states: “A defendant’s plea of guilty pursuant to this chapter shall not constitute a conviction
 
 for any purpose
 
 unless a judgment of guilty is entered pursuant to Section 1000.3.” (Italics added.) No reason exists to believe the Legislature intended a different rule to apply to a plea of nolo contendere. (See § 1016 [“The legal effect of [a plea of nolo contendere], to a crime punishable as a felony, shall be the same as that of a plea of guilty for all purposes”].)
 

 Defendant contends we should consider a deferred entry of judgment as equivalent to a grant of probation. In both situations, she argues, a criminal defendant is given an alternative form of punishment, a favorable disposition that incorporates both conditional liberty as well as a rehabilitative component. In both situations, failure to complete the assigned program satisfactorily will result in a criminal judgment and probable incarceration. Successful
 
 *795
 
 completion of both probation and deferred entry of judgment allows a defendant to avoid a criminal record. (§§ 1203.4, subd. (a) [probation], 1000.4 [deferred entry of judgment].) In light of these similarities, and because section 1237 expressly authorizes an appeal following a grant of probation, defendant argues we should find a deferred entry of judgment also is appealable. She cites
 
 People
 
 v.
 
 Perez
 
 (1998) 68 Cal.App.4th 346 [80 Cal.Rptr.2d 188]
 
 (Perez)
 
 in support.
 

 In
 
 Perez,
 
 the Court of Appeal faced the question whether the trial court correctly applied the deferred entry of judgment procedure to a defendant who committed his crime before the diversion law was amended in 1996, effective in 1997. In the course of determining the amended version of the law operated prospectively only, a majority of the court noted in a footnote that the order imposing a deferred entry of judgment was appealable “because it is equivalent to an order granting probation, which is deemed to be an appealable final judgment under section 1237, subdivision (a).”
 
 (Perez, supra,
 
 68 Cal.App.4th at p. 348, fn. 2.)
 

 Later, the
 
 Perez
 
 majority explained: “Cases involving probation are analogous to cases involving diversion and deferred entry of judgment, because diversion and deferred entry of judgment under section 1000 are similar in effect and purpose to probation.
 
 (People
 
 v.
 
 Superior Court (On Tai Ho)
 
 (1974) 11 Cal.3d 59, 66 [113 Cal.Rptr. 21, 520 P.2d 405] [‘diversion may also be viewed as a specialized form of probation, available to a different class of defendants but sharing many similarities with general probation’].)”
 
 (Perez, supra,
 
 68 Cal.App.4th at p. 355; see also
 
 People v. Cisneros
 
 (2000) 84 Cal.App.4th 352, 358 [100 Cal.Rptr.2d 784] [also quoting
 
 People
 
 v.
 
 Superior Court (On Tai Ho), supra,
 
 11 Cal.3d 59].) In a footnote to the quoted text, the
 
 Perez
 
 majority expanded on this theme: “Both probation and section 1000 diversion/deferred entry of judgment are alternatives to imprisonment of defendants who personally, or whose offenses, are deemed worthy of more lenient treatment. Both probation and section 1000 diversion/ deferred entry of judgment generally allow defendants to avoid, for most purposes, the stigma and adverse consequences of a criminal conviction. A trial court generally must allow a probationer who successfully fulfills all conditions of probation to withdraw a guilty plea, or it must set aside a guilty verdict and then generally dismiss the charges against the defendant. (§ 1203.4.) Except for certain purposes, the defendant is thereafter ‘released from all penalties and disabilities resulting from the offense,’ although ‘in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the [charges] dismissed.’ (§ 1203.4, subd. (a).) fl[] The result of successful completion by a defendant of a section 1000
 
 *796
 
 diversion or deferred entry of judgment program is similar to the result of successful completion of a probation term, because the criminal charges are dismissed by the trial court on successful completion of the diversion or deferral program period and the arrest generally is deemed never to have occurred.”
 
 (Perez, supra,
 
 at p. 355, fn. 5.)
 

 Presiding Justice Kremer, concurring separately, distanced himself from the
 
 Perez
 
 majority’s analysis. “[T]he majority’s analogizing probation to section 1000 diversion is inapt. Probation has attendant punitive conditions such as imposition of custody, community service and required waiver of rights. However, unlike probation, section 1000 diversion has no such attendant punitive elements. Instead, section 1000 diversion constitutes a method to avoid the criminal process entirely by meeting the specified conditions of successfully completing a nonprobation department drug rehabilitation program and staying clean for the designated period. Upon satisfying those conditions, a diverted person literally has the slate wiped clean, a situation unlike the partial relief granted to a successful probationer under section 1203.4.”
 
 (Perez, supra,
 
 68 Cal.App.4th at p. 358 (conc. opn. of Kremer, P. J.).)
 

 We agree with the
 
 Perez
 
 majority that a grant of probation and a deferred entry of judgment pursuant to section 1000.1 have many similarities, and with Justice Kremer, as well, that the two dispositions have some differences. These observations, however, are not determinative. Either way, we are still left with these unassailable facts: (1) the Legislature expressly stated in section 1237 that grants of probation are appealable; and (2) the Legislature was silent as to the appealability of orders granting deferred entry of judgment. Because the right to appeal is wholly statutory, the similarity deferred entry of judgment bears to probation is irrelevant. The former simply is not listed in section 1237 as an appealable order or judgment. Accordingly, we cannot conclude the Legislature intended that orders granting deferred entry of judgment be appealable.
 

 Our conclusion is consistent with precedent. (See
 
 People v. Bagby
 
 (1977) 74 Cal.App.3d 986 [141 Cal.Rptr. 762] [no appeal under prior statutory scheme].)
 
 [4]
 
 Nor is it undermined by
 
 People
 
 v.
 
 Superior Court (On Tai Ho), supra,
 
 11 Cal.3d 59, cited by the
 
 Perez
 
 majority in support
 
 (Perez, supra,
 
 68 Cal.App.4th at p. 355). In
 
 On Tai Ho,
 
 we opined that “diversion may also be
 
 *797
 
 viewed as a specialized form of probation, available to a different class of defendants but sharing many similarities with general probation and commitment for addiction. Like those programs, diversion is intended to offer a second chance to offenders who are minimally involved in crime and maximally motivated to reform . . . .”
 
 {On Tai Ho, supra,
 
 at p. 66.) At issue in that case was whether the prosecutor’s statutory retention of veto power over the trial court’s decision to divert an offender violated the separation of powers doctrine as set forth in article III, section 3 of the state Constitution. Noting that the decision to grant probation is a judicial act, we reasoned by analogy that the decision to order diversion was similarly a judicial act and concluded the prosecutor’s statutory power to refuse consent to diversion ran afoul of the state Constitution. Because we did not address the appealability of either grants of probation or deferred entry of judgment,
 
 On Tai Ho
 
 is not authority on the question of appealability. (See
 
 People
 
 v.
 
 Superior Court
 
 (Zamudio) (2000) 23 Cal.4th 183, 198 [96 Cal.Rptr.2d 463, 999 P.2d 686] [“ ‘cases are not authority for propositions not considered’ ”].)
 

 Defendant further relies on case law she contends requires us to take a functional approach to deciding whether a particular order is appealable. In
 
 People v. Wright
 
 (1975) 47 Cal.App.3d 490 [120 Cal.Rptr. 899], the defendant was charged with a nondivertable drug offense but found guilty of a lesser crime that, had it been the original charge, would have qualified the defendant for pretrial diversion. After trial, the defendant requested diversion and the trial court granted the request. The People appealed, claiming the trial court had acted in excess of its jurisdiction. At the threshold, the appellate court was required to decide whether the People could appeal the lower court’s order granting diversion. It found in the affirmative, reasoning “the order granting diversion is analogous to a final judgment in a ‘special proceeding’ [citation], and hence is final for the purposes of appellate review. ‘. .
 
 .It is not the form of the decree but the substance and effect of the adjudication which is
 
 determinative.’ ”
 
 (Id.
 
 at p. 492, italics added.) Because the case concerned the ability of the People to appeal pursuant to section 1238, rather than a defendant’s right to appeal under section 1237, it is of no assistance to defendant.
 

 Similarly distinguishable are cases defendant cites concerning appeals from interlocutory orders in marital dissolution cases.
 
 (In re Marriage of Shelley
 
 (1976) 18 Cal.3d 365, 368 [134 Cal.Rptr. 197, 556 P.2d 297];
 
 In re Marriage of Eben-King & King
 
 (2000) 80 Cal.App.4th 92, 115 [95 Cal.Rptr.2d 113].) As these cases are civil, not criminal, certainly they do not mandate we take a functional approach to criminal appeals, permitting a defendant to appeal any order that is deemed functionally equivalent to a final judgment. We reiterate that “the right of appeal is statutory and that a
 
 *798
 
 judgment or order is not appealable
 
 unless expressly made so by
 
 statute.”
 
 (People
 
 v.
 
 Chi Ko Wong, supra,
 
 18 Cal.3d at p. 709, italics added.)
 

 Our conclusion upholding the lower appellate court’s decision to dismiss defendant’s appeal does not leave criminal defendants in like position without any remedies. Although defendant did not avail herself of the option, a defendant charged with a felony can move to suppress evidence before the magistrate at the preliminary examination (§ 1538.5, subd. (f)(2)) and, after the magistrate’s denial of the motion, can move to renew the motion in a special hearing in superior court (§ 1538.5, subd. (i)). After the special hearing in the superior court, the defendant can obtain pretrial review by means of an extraordinary writ of mandate or prohibition.
 
 (Ibid.)
 
 And, of course, should defendant fail in her rehabilitation efforts, “the court shall render a finding of guilt to the charge or charges pled, enter judgment, and schedule a sentencing hearing . . . .” (§ 1000.3.) Following sentencing, defendant can then appeal from the final judgment of conviction. Indeed, should the Court of Appeal summarily deny a pretrial petition for a writ, a defendant can still appeal his or her conviction following entry of judgment, and the earlier summary denial of writ relief will not constitute law of the case or res judicata.
 
 (People
 
 v.
 
 Medina
 
 (1972) 6 Cal.3d 484, 492-493 [99 Cal.Rptr. 630, 492 P.2d 686], disapproved on another point in
 
 Kowis v. Howard
 
 (1992) 3 Cal.4th 888, 896-899 [12 Cal.Rptr.2d 728, 838 P.2d 250].)
 
 [5]
 

 Defendant contends the availability of an appeal that will occur as much as three years after her plea (see § 1000.2, 3d par. [“The period during which deferred entry of judgment is granted shall be for no less than 18 months nor longer than three years.”]) is inadequate, considering she was subjected to an illegal search. As noted, a defendant may test the legality of the search by pretrial writ or postdiversion appeal. She may also decline deferred entry of judgment, plead guilty or no contest, and appeal immediately pursuant to section 1538.5(m). To the extent defendant argues these options are inadequate, her argument is more appropriately made to the Legislature.
 

 We conclude the Court of Appeal correctly dismissed defendant’s appeal.
 

 B.
 
 Withdrawing Her Plea
 

 Contending that she was misled by the trial court regarding the availability of an immediate appeal, defendant contends we should remand the case to
 
 *799
 
 the trial court with directions to permit her to withdraw her plea. Because we conclude the Court of Appeal properly dismissed defendant’s appeal for want of an appealable judgment, we may not entertain any other issue. Nevertheless, defendant is not precluded from either moving in the trial court to withdraw her plea, or filing a petition for a writ of habeas corpus in an appropriate court challenging the validity of her plea.
 

 Conclusion
 

 The decision of the Court of Appeal dismissing defendant’s appeal is affirmed.
 

 George, C. J., Mosk, J., Kennard, J., Baxter, J., Chin, J., and Brown, J., concurred.
 

 [1]
 

 Further statutory references are to the Penal Code unless otherwise stated.
 

 [2]
 

 The terms “nolo contendere” and “no contest” are used interchangeably.
 

 [3]
 

 An exception, not applicable here, exists where “(a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury[,] showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings” and “(b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk.” (§ 1237.5, subds. (a) & (b).)
 

 [4]
 

 Defendant requests we grant judicial notice of the third reading analysis for Senate Bill No. 1369 (1995-1996 Reg. Sess.) as amended August 15, 1996, which amended the diversion scheme then existing and replaced it with the present deferred entry of judgment provisions. Defendant claims the bill analysis shows the Legislature’s intent to provide offenders with a stronger incentive to complete a drug rehabilitation program. The matter may be judicially noticed (Evid. Code, § 452, subd. (c)), and the request is hereby granted.
 

 [5]
 

 Defendant contends
 
 People v. Medina, supra,
 
 6 Cal.3d 484, demonstrates that the availability of pretrial writ relief is not “an adequate substitute for an immediate appeal.” Although it is true an appeal, with its requirement of a written opinion, provides somewhat fuller appellate review, the point remains that criminal defendants in Mazurette’s situation are not left without any way to obtain review of an adverse decision in a suppression hearing.