[No. B151619. Second Dist., Div. Two. Dec. 14, 2001.]

In re DARRELL EUGENE SCOGGINS on Habeas Corpus.

COUNSEL

Michael P. Judge, Public Defender, Albert J. Menaster, Erin Muse and Alex Ricciardulli, Deputy Public Defenders, for Petitioner Darrell Eugene Scoggins.

Steve Cooley, District Attorney, George M. Palmer and Brent Riggs, Deputy District Attorneys, for Real Party in Interest the People.

OPINION

COOPER, J.*—

### SUMMARY

In the General Election held November 7, 2000, the voters of California passed Proposition 36, the Substance Abuse and Crime Prevention Act of 2000 (the Act or Proposition 36). The Act requires probation and drug treatment, not incarceration, for the commission of "nonviolent drug possession offenses", i.e., possession, use, transportation of controlled substances and similar parole violations. We address the interplay between the Act and deferred entry of judgment statutes, and find that where (1) a defendant committed a nonviolent drug offense within the meaning of the Act prior to the July 1, 2001, effective date of the Act; (2) the court deferred entry of judgment under Penal Code section 1000 et seq.;[1] and (3) the court sentenced the defendant after the effective date of the Act, the defendant was "convicted" within the meaning of the Act on the date the previously deferred judgment was entered and sentence was imposed, and was entitled to be sentenced under the Act. Consequently, we grant the petition for habeas corpus with directions.

### FACTS AND PROCEDURAL BACKGROUND

On November 9, 1998, the Los Angeles County District Attorney filed an information that charged petitioner Darrell Eugene Scoggins with violation

---

*Presiding Justice of the Court of Appeal, Second Appellate District, Division Eight, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1] All further references will be to the Penal Code, unless otherwise indicated.

of Health and Safety Code section 11350, subdivision (a), possession of a controlled substance, cocaine, and violation of section 11364, possession of an illegal smoking pipe or paraphernalia, a misdemeanor. At arraignment, Scoggins pled guilty to the section 11350 charge and the court deferred judgment under Penal Code section 1000 et seq., placed Scoggins under probation supervision for 18 months in a plan that included drug counseling, and dismissed the misdemeanor. The court continued the case until August 18, 1999, for a hearing to receive Scoggins's proof of completion of drug counseling and to terminate deferred entry of judgment. The court then continued the case several more times for receipt of proof of Scoggins's enrollment in and completion of a deferred entry of judgment program.

On April 6, 2000, the court found that Scoggins was enrolled in an approved deferred entry of judgment program, ordered judgment deferred for an additional six months, and set a progress report hearing for six months later, on October 6, 2000. At the October 6, 2000 hearing the court found that Scoggins had failed to appear without sufficient excuse, and issued a bench warrant. The minute order for the October 6, 2000 hearing states that the court terminated deferred entry of judgment, reinstated criminal charges, convicted Scoggins, and resumed criminal proceedings. A month later, in a November 6, 2000 hearing, the court reinstated the deferred entry of judgment. On November 7, 2000, the electorate passed the Act.

The court continued the case several more times for Scoggins to provide proof of enrollment in and completion of a deferred entry of judgment treatment program. On June 13, 2001, at a hearing scheduled for proof of Scoggins's completion of a deferred entry of judgment program, Scoggins again failed to appear and the court again issued a bench warrant. The minute order for the June 13, 2001 hearing states that the court terminated deferred entry of judgment and reinstated criminal proceedings. On July 11, 2001, the court ordered Scoggins convicted and sentenced him to two years' formal probation, including a 60-day county jail sentence. The court expressly declined to sentence Scoggins under the Act because Scoggins's offense preceded the operative date of the Act, and section 8 of the Act declared that the Act's provisions, unless otherwise stated, were to be applied prospectively.

Scoggins filed a petition for habeas corpus on July 19, 2001. We issued an order requiring him to be released from jail pending further decision of this court, issued an order to show cause, and set the matter for briefing and hearing.

## CONTROLLING STATUTES

### A. *Section 1000 et seq., Governing Deferred Entry of Judgment*

The deferred entry of judgment statutes, section 1000 et seq., provide that first time drug offenders who meet specified conditions[2] "bypass the normal criminal process and enter a drug treatment program." (*Terry v. Superior Court* (1999) 73 Cal.App.4th 661, 663-664 [86 Cal.Rptr.2d 653].) The conditions include, among other things, no prior drug convictions and no recent felony convictions. (§ 1000, subd. (a)(1), (6).) Under deferred entry of judgment provisions, the court can accept a guilty plea and defer entry of the judgment of conviction pending the defendant's attempt to successfully complete a drug rehabilitation program. (§ 1001.1, subd. (b) ["If the court determines that it is appropriate, the court shall grant deferred entry of judgment if the defendant pleads guilty to the charge or charges and waives time for pronouncement of the judgment"].)[3]

The court may defer judgment from 18 months to three years, during which time it receives progress reports regarding the defendant's participation in a rehabilitation program. (§ 1000.2.) If the defendant performs satisfactorily throughout the rehabilitation program, then the criminal charge is dismissed, and disclosure of the defendant's arrest record is strictly limited. (§§ 1000.3, 4th par., 1000.4.) "[W]ith limited exceptions, the defendant need never reveal [he] was even arrested, let alone that [he] was charged with a felony, pleaded guilty, and was granted a deferred entry of judgment." (*People v. Mazurette* (2001) 24 Cal.4th 789, 793 [102 Cal.Rptr.2d 555, 14 P.3d 227].)

---

[2]Section 1000, subdivision (a) provides, in pertinent part, that a defendant may be considered for deferred entry of judgment where: "(1) The defendant has no conviction for any offense involving controlled substances prior to the alleged commission of the charged offense. [¶] (2) The offense charged did not involve a crime of violence or threatened violence. [¶] (3) There is no evidence of a violation relating to narcotics or restricted dangerous drugs other than a violation of the sections listed in this subdivision. [¶] (4) The defendant's record does not indicate that probation or parole has ever been revoked without thereafter being completed. [¶] (5) The defendant's record does not indicate that he or she has successfully completed or been terminated from diversion or deferred entry of judgment . . . within five years prior to the alleged commission of the charged offense."

[3]Section 1000.1, subdivision (b) provides, in pertinent part: "If the defendant consents and waives his or her right to a speedy trial or a speedy preliminary hearing, the court may refer the case to the probation department or the court may summarily grant deferred entry of judgment if the defendant pleads guilty to the charge or charges and waives time for the pronouncement of judgment. When directed by the court, the probation department shall make an investigation and . . . report its findings and recommendations to the court. The court shall make the final determination regarding education, treatment, or rehabilitation for the defendant. If the court determines that it is appropriate, the court shall grant deferred entry of judgment if the defendant pleads guilty to the charge or charges and waives time for the pronouncement of judgment."

A defendant's plea of guilty pursuant to the deferred entry of judgment "shall not constitute a conviction for any purpose unless a judgment of guilty is entered pursuant to Section 1000.3." (§ 1000.1, subd. (d).) Section 1000.3 provides that if the defendant's rehabilitation is unsuccessful, the district attorney, probation department, or court may move for entry of judgment. (§ 1000.3.) Section 1000.3 requires that the determination whether to enter the deferred judgment be made at a hearing, held after notice to the defendant. (§ 1000.3.) If the court finds at the hearing that the defendant is not benefiting from deferred entry of judgment "the court shall render a finding of guilt to the charge or charges pled, enter judgment, and schedule a sentencing hearing as otherwise provided in this code." (§ 1000.3, 3d par.)

■ "The plain objective of section 1000 is to permit 'the courts to identify the experimental or tentative user before he becomes deeply involved with drugs, to show him the error of his ways by prompt exposure to educational and counseling programs in his own community, and to restore him to productive citizenship without the lasting stigma of a criminal conviction' and thereby reduce 'the clogging of the criminal justice system.' " (*Terry v. Superior Court, supra,* 73 Cal.App.4th at p. 664, quoting *People v. Superior Court (On Tai Ho)* (1974) 11 Cal.3d 59, 61-62 [113 Cal.Rptr. 21, 520 P.2d 405].)

B.  *Section 1210.1, regarding probation and treatment for nonviolent drug possession offenses*

The Act added Penal Code sections 1210 and 1210.1, regarding probation for certain nonviolent drug possession offenses; Penal Code section 3063.1, regarding revocation of parole for drug possession offenses; and Health and Safety Code division 10.8, substance abuse treatment funding.

The Attorney General's ballot measure summary titled the initiative "Drugs, Probation and Treatment Program," and described it as "[r]equir-[ing] probation and drug treatment program, not incarceration, for conviction for possession, use, transportation for personal use or being under [the] influence of controlled substances and similar parole violations, not including sale or manufacture. [¶] Permits additional probation conditions except incarceration. . . ." (Ballot Pamp., Gen. Elec. (Nov. 7, 2000) summary of Prop. 36, p. 22.) The Legislative Analyst analysis of the Act informed the voters: "Under this proposition, effective July 1, 2001, an offender convicted of a 'nonviolent drug possession offense' would generally be sentenced to probation, instead of state prison, county jail, or probation without drug treatment. As a condition of probation, the offender would be required to complete a drug treatment program." (*Id.,* analysis of Prop. 36 by Legislative

Analyst, p. 23.) The stated purpose and intent of the Act was: "(a) To divert from incarceration into community-based substance abuse treatment programs nonviolent defendants, probationers and parolees charged with simple drug possession or drug use offenses; [¶] (b) To halt the wasteful expenditure of hundreds of millions of dollars each year on the incarceration—and reincarceration—of nonviolent drug users who would be better served by community-based treatment; and [¶] (c) To enhance public safety by reducing drug-related crime and preserving jails and prison cells for serious and violent offenders, and to improve public health by reducing drug abuse and drug dependence through proven and effective drug treatment strategies." (*Id.*, text of Prop. 36, § 3, p. 66.)

By its express terms the Act became effective July 1, 2001, unless otherwise stated, and its provisions were to be applied prospectively. (Prop. 36, § 8.)

The Act added to the Penal Code section 1210.1, subdivision (a), at issue here, which provides, in pertinent part: "Notwithstanding any other provision of law, and except as provided in subdivision (b), *any person convicted of a nonviolent drug possession offense shall receive probation.* [¶] As a condition of probation the court shall require participation in and completion of an appropriate drug treatment program.[4] The court may also impose, as a condition of probation, participation in vocational training, family counseling, literacy training and/or community service. A court may not impose incarceration as an additional condition of probation. Aside from the limitations imposed in this subdivision, the trial court is not otherwise limited in the type of probation conditions it may impose." (Italics added.)

Section 1210.1 contains exclusions inapplicable here. It includes provisions similar to those governing deferred entry of judgment with respect to a defendant's arrest and conviction record following successful completion of treatment and probation. (§§ 1000.3, 1000.4, 1210.1, subd. (d).) Under section 1210.1, after drug treatment and probation are successfully completed, the conviction is set aside, the information or indictment is dismissed, and for most purposes, the arrest is deemed not to have occurred. (§ 1210.1, subd. (d).)

---

[4]Section 1210, subdivision (b) defines a "drug treatment program" as a licensed or certified community drug treatment program, which may include outpatient treatment, halfway house treatment, narcotic replacement therapy, drug education or prevention courses and/or limited inpatient or residential drug treatment as needed to address special detoxification or relapse situations or severe dependence. Prison and jail treatment programs are expressly excluded. (§ 1210, subd. (b).)

## THE PARTIES' CONTENTIONS

■    Scoggins contends that he was convicted on July 11, 2001, when judgment was entered and he was sentenced. He maintains that since the conviction occurred after the effective date of section 1210.1, he was entitled to probation under its provisions. He also contends that denial of section 1210.1, subdivision (a) sentencing constitutes a denial of equal protection.

The People maintain that Scoggins was convicted on October 6, 2000, prior to the passage of the Act, when the court entered a judgment of conviction upon his failure to appear at a progress report hearing, or on June 13, 2001, when the court terminated deferred entry of judgment and ordered criminal proceedings reinstated. The People do not contend, as did the trial court, that the date of Scoggins's offense, not the date of his conviction, controlled application of section 1210.1 sentencing.

## DISCUSSION

Section 1210.1, subdivision (a) provides that "[n]otwithstanding any other provision of law . . . any person convicted of a nonviolent drug possession offense shall receive probation" instead of incarceration, and will be required to participate and complete a drug rehabilitation program. (§ 1210.1, subd. (a).) A defendant found guilty before the effective date of the Act, but sentenced after the Act's effective date, comes within the sentencing provisions of section 1210.1, because "conviction" within the meaning of section 1210.1 means adjudication of guilt and sentencing. (*In re DeLong* (2001) 93 Cal.App.4th 562, 568 [113 Cal.Rptr.2d 385].) Because Scoggins was convicted within the meaning of the Act after its effective date he was entitled to the benefits of section 1210.1, subdivision (a) sentencing.

We are unpersuaded by real party in interest's assertion that Scoggins had been convicted prior to passage of the Act, on October 6, 2000, when the trial court purported to terminate Scoggins's deferred entry of judgment status upon his failure to appear for a progress report hearing. Notwithstanding the court's October 6, 2000 minute order stating that deferred entry of judgment was terminated and that Scoggins was convicted, neither the minutes of the October 6, 2000 hearing nor the minutes of the hearing that preceded it show a noticed motion to enter judgment, as section 1000.3 requires. Moreover, at the hearing on November 6, 2000, immediately following the purported conviction, the court reinstated the deferred entry of judgment, and the court continued to defer judgment until June 13, 2001, the second time Scoggins failed to appear.

The People argue unconvincingly that following the court's October 6, 2000 order terminating Scoggins's deferred entry of judgment, the court was

without authority to vacate its judgment of guilt and to reinstate deferred entry of judgment, because the deferred entry of judgment statutes (§ 1000 et seq.) are special proceedings,[5] statutorily limited, and they contain no provision expressly authorizing the setting aside a judgment of guilt once deferral of judgment is terminated. To the contrary, a "trial court has inherent power to modify or set aside its pronounced judgment if . . . execution of its terms has not commenced." (*People v. Hales* (1966) 244 Cal.App.2d 507, 511 [53 Cal.Rptr. 161].)

Nor does the record support the People's contention that the June 13, 2001 minute order that purported to terminate Scoggins's deferred entry of judgment, and to order criminal proceedings reinstated (and which, unlike the October 6, 2000 order, did not include a disposition of conviction), constituted a judgment of guilt. As with the October 6, 2000 order, the record does not show a noticed motion to enter judgment, as is required under section 1000.3.

### DISPOSITION

The writ of habeas corpus is granted. The stay is vacated. The matter is remanded for sentencing under section 1210.1, subdivision (a).

Boren, J., and Doi Todd, J., concurred.

---

[5] Penal Code section 1000 et seq. appears in Penal Code title 6, in chapter 2.5, entitled Special Proceedings in Narcotics and Drug Abuse Cases. (Stats. 1972, ch. 1255, § 17, p. 2469.)