Filed 3/14/25  P. v. Griffin CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C100161 |
| Plaintiff and Respondent, | (Super. Ct. No. CR115423) |
| v. | |
| CHARLES E. GRIFFIN II, | |
| Defendant and Appellant. | |

Approximately 30 years after defendant Charles E. Griffin II was originally sentenced, the Department of Corrections and Rehabilitation (Department) notified the trial court defendant was eligible for resentencing under Penal Code section 1172.75.[1]  The court recalled defendant's sentence and appointed counsel.  Prior to resentencing,

---

[1]  Undesignated statutory references are to the Penal Code.

defendant filed a motion pursuant to *People v. Marsden* (1970) 2 Cal.3d 118, which the trial court denied. Defendant appeals the denial of this motion.

Defendant's appointed appellate counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216, asking this court to independently review the record to determine if there were any arguable errors that would result in a disposition more favorable to defendant. Defendant filed a supplemental brief raising issues generally related to the denial of his *Marsden* motion. We requested supplemental briefing from counsel on whether the denial of the *Marsden* motion, made after recall of sentence and prior to resentencing, was an appealable order under section 1237, subdivision (b); and, if so, whether the trial court prejudicially erred in denying defendant's motion without a hearing.

Having considered the supplemental briefs, we conclude the order denying defendant's *Marsden* motion is not an order that is appealable separately from the following judgment (i.e., resentencing); thus, we will dismiss the appeal as premature. Based on this conclusion, we need not address trial court error.

BACKGROUND

We omit a summary of the facts underlying defendant's conviction as they are not relevant to our disposition of this case. It suffices to say that in 1993 a jury found defendant guilty of several felony counts with firearm and injury enhancements. The trial court found true multiple prior conviction enhancements, including two prior prison term enhancements pursuant to section 667.5, subdivision (b). The court sentenced defendant to an aggregate term of life in prison plus 17 years, which included one consecutive year for each of the prior prison term enhancements.

2

The Department referred defendant to the trial court as a person having a judgment with one or more qualifying priors under section 1172.75.[2]  On November 2, 2023, the court recalled defendant's sentence, appointed counsel, and set a briefing schedule.  On November 22, 2023, defendant filed a *Marsden* motion seeking immediate removal of appointed counsel claiming there had been no meaningful communication from counsel between March 3, 2023, and November 15, 2023.[3]  On December 4, 2023, the court denied defendant's *Marsden* motion without holding a hearing.  The court noted that defendant's complaints related "almost exclusively to the time before the [c]ourt appointed counsel to represent defendant" in his resentencing and concluded there was no evidence the failure to replace appointed counsel would substantially impair defendant's right to counsel.

On December 14, 2023, defendant filed a notice of appeal from the denial of his *Marsden* motion.

DISCUSSION

In response to our request for briefing, defendant contends the trial court's order denying the *Marsden* motion is an appealable order.  He notes the resentencing proceedings continued in the trial court, and he has now separately appealed the judgment

---

[2]  The Department's referral is not in the record on appeal, but the trial court stated that it had received the referral.  Further, the People do not dispute that the Department made the referral.

[3]  Counsel wrote to defendant in March 2023 indicating she had been appointed to represent him in his resentencing under section 1172.75.  It is unclear from our record on appeal why counsel sent this letter at that time, as it appears that as of August 8, 2023, the trial court had not yet received notification that defendant was eligible for resentencing.  In denying the *Marsden* motion, the court also reiterated that counsel was appointed on November 2, 2023.  In any event, this inconsistency does not affect our conclusions in this case.

from resentencing.[4]  The People point out that defendant would be able to raise this claim in his pending appeal from his resentencing.  They also argue defendant's claim is not justiciable, as it is now moot based on subsequent rulings in the trial court.  They further contend the denial of the *Marsden* motion was not an order affecting defendant's substantial rights under section 1237, subdivision (b).[5]

The right to appeal is wholly statutory and a judgment or order is not appealable unless it is expressly made so by statute.  (*People v. Mazurette* (2001) 24 Cal.4th 789, 792.)  Section 1237, subdivision (a) provides that a criminal defendant may appeal "from a final judgment of conviction" and clarifies that "[a] sentence . . . shall be deemed to be a final judgment within the meaning of this section."  Such defendant may also appeal from any order made after judgment that affects their substantial rights.  (§ 1237, subd. (b).)

Section 1172.75 generally invalidates prior prison term sentence enhancements imposed under former section 667.5, subdivision (b), with exceptions that are not relevant here.  (§ 1172.75, subd. (a).)  Upon receiving information from the Department that a defendant is currently serving such a sentence, the trial court is required to review the judgment to confirm it includes a prior prison term enhancement, recall the sentence, and resentence the defendant.  (§ 1172.75, subd. (c).)

---

[4]  Defendant also "suggests" and "proposes" resolution of the issue might be best accommodated by consolidating this appeal with his appeal from resentencing, case No. C101857.  Counsel did not file a motion seeking to consolidate the appeals.  As defendant is represented by two different attorneys in the two appeals, and the briefing schedules are not even close to aligned, we decline to consolidate the two cases on our own motion.

[5]  In their briefing, both parties reference facts/occurrences outside the appellate record. We do not consider these improper references in this appeal.  "Appellate jurisdiction is limited to the four corners of the record on appeal."  (*In re Carpenter* (1995) 9 Cal.4th 634, 646.)  "[W]e cannot consider on appeal evidence that is not in the record." (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1249.)

The Department notified the trial court that defendant was serving a sentence with a now-invalid one-year prior prison term enhancement. The court determined defendant was entitled to resentencing and recalled his sentence on November 2, 2023. At that point, the original sentence was vacated, and there was no longer a judgment. (See *People v. Padilla* (2022) 13 Cal.5th 152, 163 ["[O]nce a court has determined that a defendant is entitled to resentencing, the result is vacatur of the original sentence, whereupon the trial court may impose any appropriate sentence"].) Because there was no longer a judgment in place, as the case was pending resentencing, the order denying defendant's *Marsden* motion is not an order *after judgment* affecting defendant's substantial rights. (§ 1237, subd. (b).) Instead, defendant's right to appeal is governed by section 1237, subdivision (a); he may appeal (and has appealed) from the judgment in place after he is resentenced. Orders denying *Marsden* motions are interlocutory orders that are not separately appealable from the judgment; they are reviewed on appeal from the judgment. (See *People v. Williams* (1959) 174 Cal.App.2d 364.) Because the order denying defendant's *Marsden* motion was not challenged as part of an appeal from a judgment, we will dismiss his appeal as premature. Based on this conclusion, we need not and do not address whether the trial court prejudicially erred in denying the *Marsden* motion without a hearing.

# DISPOSITION

The appeal is dismissed as premature.

                                                     /s/
                                                Duarte, Acting P. J.

We concur:

     /s/
Boulware Eurie, J.

     /s/
Feinberg, J.