Filed 10/24/13

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>FREDDIE WORTHAM,<br><br>       Defendant and Appellant. | A138769<br><br>(Alameda County<br>Super. Ct. No. 137640) |

Defendant Freddie Wortham appealed from an order denying his petition to recall his sentence under the Three Strikes Reform Act of 2012, added by Proposition 36 (the Reform Act). (Pen. Code, § 1170.126.)[1]  His counsel has asked this court for an independent review of the record to determine whether there are any arguable issues. (*People v. Wende* (1979) 25 Cal.3d 436.)  We first address whether the trial court's order is appealable—an issue that is currently under review by our Supreme Court—and hold that it is.  We then conclude, after having independently reviewed the record, that there are no arguable appellate issues.  Accordingly, we affirm.

A jury convicted Wortham in 2000 of first degree burglary (§ 459), the trial court sentenced him under the Three Strikes law to an indeterminate sentence based on his admitted five prior felony convictions, and this court affirmed the judgment in a nonpublished opinion.  (*People v. Wortham* (July 25, 2001, A091475).)  Over the next several years, Wortham filed various petitions for habeas corpus challenging his sentence under the Three Strikes law, which this court denied.  (*In re Wortham*, petns. den.

---

[1] All statutory references are to the Penal Code.

1

July 31, 2008, A122056, A122057; *In re Wortham*, petn. den. May 22, 2008, A121478; *In re Wortham*, petn. den. June 14, 2007, A117940.)

On November 6, 2012, voters approved the Reform Act, and it went into effect the next day. (Three Strikes Reform Act of 2012, Section 10 [Prop. 36, as approved by voters Ballot Pamp., Gen. Elec. (Nov. 6, 2012)].) The Reform Act amended the Three Strikes law so that an indeterminate term of 25 years to life in prison is applied only where the "third strike" conviction is a serious or violent felony, or where the prosecution pleads and proves other specific factors. (§§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C).) The Reform Act also added section 1170.126, which allows inmates sentenced under the previous version of the Three Strikes law to petition for a recall of their sentence if they would not have been sentenced to an indeterminate life sentence under the Reform Act. (§ 1170.126, subds. (a)-(b).) An inmate is eligible for resentencing if various criteria are met, including that the inmate's commitment offense was not a serious or violent felony. (§ 1170.126, subd. (e).)

The trial court's consideration of a petition under the Reform Act is a two-step process. First, the trial determines whether the petitioner is eligible for resentencing. (§ 1170.126, subd. (f).) If the petitioner is eligible, the trial court proceeds to the second step, and resentences the petitioner under the Reform Act unless it determines that to do so would pose "an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

On March 5, 2013, Wortham, proceeding without an attorney, filed a petition for recall of his sentence under the Reform Act. The trial court denied the petition under the first step of section 1170.126 after it concluded that Wortham was ineligible for resentencing because his commitment offense, first degree burglary, constitutes a serious felony.

Courts of Appeal are split on the issue of whether a trial court's initial eligibility determination under the Reform Act results in an appealable order. After Wortham appealed the order in this case, his appointed counsel argued that the order was appealable but candidly acknowledged that our Supreme Court has granted review to resolve the issue. (*Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted

July 31, 2013, S211708 [concluding that a denial of a petition under the Reform Act is nonappealable because the Act confers no substantial rights on eligibility issue, which is "based on express objective criteria"]; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017 [concluding that a denial of a petition under the Reform Act is appealable because the Act confers a "substantial right"].) We requested briefing on the issue, and each party submitted a letter brief. Although the Attorney General in *Hurtado* agreed with the petitioner that a trial court's order denying a petition under the Reform Act is appealable, she now asks this court to conclude that such an order is nonappealable.

The right of appeal is statutory, and a judgment or order is not appealable unless authorized by statute. (*People v. Mazurette* (2001) 24 Cal.4th 789, 792.) The Reform Act does not specifically address whether a trial court's denial of a petition for recall of sentence under section 1170.126 is appealable. The general statute governing appeals in criminal matters provides that a defendant may appeal "[f]rom any order made after judgment, affecting the substantial rights of the party." (§ 1237, subd. (b).) Thus, the question is whether a trial court's order under the Reform Act regarding eligibility affects a substantial right of either party. We conclude that it does.

The Third District recently weighed in on the issue in a published decision. In *People v. Leggett* (2013) 219 Cal.App.4th 846 (*Leggett*), it concluded that a trial court's order regarding an inmate's eligibility to seek relief under the Reform Act does not affect "substantial rights," and thus is nonappealable. (*Id.* at pp. 852-853.) The court reasoned that because persons who are ineligible for resentencing should not file a petition in the first place, the Reform Act does not confer on them a substantial right. (*Id.* at p. 852.) In doing so, the court focused on the relative simplicity of determining eligibility under the Reform Act: "The determination of whether petitioner was within the class of persons who may seek relief under the statute, thereby authorizing an appeal from an order denying the petition, is *straightforward and beyond dispute*. It is simply necessary to determine whether a commitment offense for petitioner's three strikes sentence includes a

3

conviction for a serious or violent felony as defined by statute. *Assuming that is not* [*sic*] *the case*, the appeal should be dismissed."[2] (*Id.* at p. 853, italics added.)

We disagree with *Leggett*'s conclusion that an order denying a petition based on an inmate's elibilitity for resentencing under the Reform Act is nonappealable. While it may be true that the vast majority of eligibility determinations for resentencing under the Reform Act will be straightforward, we agree with Wortham that some may not be. And even on straightforward determinations, trial courts can make mistakes. Such a mistake would unquestionably affect a petitioner's substantial rights because the mistaken determination would foreclose the possibility of a reduced sentence.

We find support for our conclusion in *Leggett* itself. Its acknowledgement that the correctness of the trial court's eligibility determination should be evaluated before an appeal is dismissed (*Leggett*, *supra*, 219 Cal.App.4th at p. 853) suggests that an incorrect determination *would* be appealable. We perceive little practical difference in reviewing a trial court's order for correctness before dismissing it as nonappealable and in reviewing the order for correctness before affirming it. We also find support for our conclusion in *Leggett*'s dicta. As in this case, the trial court in *Leggett* never reached the second step of the inmate's petition for resentencing, where a trial court exercises its discretion whether to resentence an eligible inmate. (*Id.* at p. 848.) The *Leggett* court noted that such a determination *would* implicate an inmate's "substantial rights," thereby authorizing an appeal. (*Id.* at p. 853.) We believe it necessarily follows that the trial court's initial eligibility determination likewise implicates a petitioner's substantial rights, because it affects whether the trial court will exercise its resentencing discretion in the first place.

Although we conclude that Wortham may appeal the order denying his petition, we also conclude that his appeal lacks merit. The trial court correctly ruled that Wortham was ineligible for resentencing under the Reform Act because his commitment offense,

---

[2] Presumably, the court meant to say that assuming it *was* the case that a petitioner's three strikes sentence includes a conviction for a serious or violent felony, the appeal would be dismissed, as a petitioner with such a third strike is ineligible for resentencing.

first degree burglary, was a serious felony.  (§§ 1170.126, subds. (b), (e)(1), 1192.7, subd. (c)(18).)  On the merits, there are no arguable issues.[3]

The trial court's order is affirmed.

_____
Humes, J.

We concur:

_____
Ruvolo, P.J.

_____
Reardon, J.

---

[3] Wortham filed a supplemental brief with this court, but it does not affect our conclusion.  As we understand Wortham's argument, he contends that his original sentence violated his due process rights under *Apprendi v. New Jersey* (2000) 530 U.S. 466, because there was insufficient proof that his prior convictions qualified as strikes.  In doing so, he fails to address the only issue in this appeal, which is whether the trial court erred in determining that he was ineligible for resentencing under the Reform Act.

| | |
|---|---|
| Trial Court: | Alameda County Superior Court |
| Trial Judge: | Honorable Larry Goodman |
| Counsel for Appellant: | Michael Satris, under appointment by the First District Appellate Project |
| Counsel for Respondent: | Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Senior Assistant Attorney General |