Filed 10/21/15  P. v. Gaytan CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>JOSE GAYTAN,<br><br>  Defendant and Appellant. | D066280<br><br><br>(Super. Ct. No. SCN319565) |

APPEAL from a judgment of the Superior Court of San Diego County, Harry M. Elias, Judge.  Reversed and remanded with directions.

Benjamin B. Kington, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr. and Anthony Da Silva, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Jose Gaytan of transporting a controlled substance (count 1) and using a false compartment to smuggle drugs (count 2). The trial court sentenced him to an aggregate term of 12 years in custody. He appeals, contending: (1) the trial court failed to exercise its discretion to impose a split sentence and instead followed a court-wide policy prohibiting split sentences for noncitizens, and (2) his sentence on count 2 must be stayed under Penal Code section 654. (All statutory references are to the Penal Code.) We conclude the trial court failed to properly exercise its discretion in considering a split sentence. Accordingly, we reverse Gaytan's sentence and remand the matter for the trial court to exercise its sentencing discretion. If the trial court confirms its original sentence, we also remand for the trial court to reconcile its oral pronouncement of sentence with its minute order and abstract of judgment on the section 654 issue.

FACTUAL AND PROCEDURAL BACKGROUND

Gaytan does not challenge the sufficiency of the evidence to support his convictions. Accordingly, we merely summarize the facts to provide background for our discussion of his contentions on appeal.

In May 2013, border patrol agents observed Gaytan speeding, making unnecessary lane changes, and acting suspiciously while driving a vehicle on the freeway. The agents followed Gaytan to a gas station where they spoke with him. Gaytan eventually consented to a search and canine sniff of his vehicle.

Border patrol agents searched and found approximately 12 kilograms of methamphetamine in the dashboard of Gaytan's vehicle. The methamphetamine was

2

found in a lead-lined compartment behind the vehicle's glove box. The lead-lined compartment was a non-factory compartment that was specifically built for the purpose of hiding narcotics or contraband.

DISCUSSION

I. *Split Sentence*

A. Additional Background

Gaytan is a legal permanent resident of the United States. However, Immigrations and Customs Enforcement placed an immigration hold on him in May 2013.

The San Diego County Probation Department recommended that Gaytan be sentenced to a split sentence with four years custody and nine years community supervision. At Gaytan's initial sentencing hearing, the court postponed sentencing to inquire with the criminal supervising judge as to whether a split sentence was appropriate when the defendant is subject to an immigration hold. At a subsequent hearing, the court stated, "I inquired of the supervising judge . . . whether we do split sentencing when there's an immigration hold or not. She was pretty—I'd say direct, straightforward, that we don't."

The trial court went on to state that although Gaytan is eligible for split sentencing and it would be appropriate in this type of case, the court's policy prohibits it. The court explained the rationale behind the policy, which was that in the event Gaytan was deported, they lose the ability to monitor him. The court noted that it did not necessarily agree with the rationale and policy, but concluded by stating, "I'm not going to deviate

3

from the direction I got directly from the supervising judge though I think it is worthy of an appeal."

The court stated that it would impose the low term on both counts, but declined to strike the allegation that the methamphetamine exceeded 10 kilograms by weight because "that's part of what makes this case significant." Ultimately, the trial court sentenced Gaytan to a lengthy term in custody.

B. Analysis

Gaytan argues the trial court erred and violated his right to due process by following a court-wide policy precluding split sentences based on immigration status and instead should have exercised its discretion based on this particular case. We agree.

"Under the [Criminal Justice] Realignment Act [of 2011], qualified persons convicted of nonserious and nonviolent felonies are sentenced to county jail instead of state prison. [Citation.] Trial courts have discretion to commit the defendant to county jail for a full term in custody, or to impose a hybrid or split sentence consisting of county jail followed by a period of mandatory supervision." (*People v. Catalan* (2014) 228 Cal.App.4th 173, 178; § 1170, subd. (h)(5)(B).) We review a trial court's discretionary sentencing choice for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 376-377.)

A trial court's exercise of its sentencing discretion must not be arbitrary or capricious and must be "consistent with the letter and spirit of the law, and . . . based upon 'individualized consideration of the offense, the offender, and the public interest.' " (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) A court abuses its discretion where it

4

bases its decision on irrelevant circumstances or otherwise relies on an improper basis for decision. (*Ibid.*) And, a failure to exercise discretion in some circumstances may be an abuse of discretion. (See *People v. Benn* (1972) 7 Cal.3d 530, 534 [new sentencing hearing granted where the "sentencing judge did not appreciate the scope of [his] judicial discretion" and thus failed to exercise its discretion in accordance with the applicable law in granting a motion to strike a prior conviction]; cf. *People v. Gillard* (1997) 57 Cal.App.4th 136, 165 [remand appropriate where trial court's comments suggested it might have imposed a lower sentence if aware of its discretion to strike a prior strike conviction].)

Here, the trial court's sentencing discretion was not based on " 'individualized consideration of the offense, the offender, and the public interest.' " (*People v. Sandoval*, *supra*, 41 Cal.4th at p. 847.) Instead, the court followed a categorical court-wide policy to deny split sentencing when the defendant is subject to an immigration hold and commented that if it were not for the court-wide policy, it believed a split sentence was appropriate. "A trial court's authority to impose mandatory supervision, however, is entirely *statutory*" (*People v. Camp* (2015) 233 Cal.App.4th 461, 470), and that statutory scheme does not automatically preclude split sentencing based on immigration status. (See § 1170, subd. (h)(3).) "A court may not impose conditions beyond those specified in the statute, absent compelling necessity." (*People v. Cisneros* (2000) 84 Cal.App.4th 352, 357 [holding "[t]he trial court erred in ruling that illegal aliens are categorically excluded from participation in the deferred judgment program for first time drug

5

offenders" because "[t]he statutory eligibility standards do not preclude an illegal alien's participation in the deferral program"].)

The Attorney General contends the trial court imposed a proper sentence because a split sentence in this case would have been meaningless as Gaytan would likely be deported after serving his period of custody. The Attorney General's conclusion that there is a high probability that Gaytan would be deported was based on the probation report stating Gaytan was subject to an immigration hold and Gaytan's statement of mitigation, prepared for the sentencing hearing, in which he stated that he would likely be deported after his time in custody. There was no other evidence before the court regarding Gaytan's immigration status or potential deportation. Based on the limited information in the record, it is unclear whether Gaytan's deportation is highly probable. Moreover, even if Gaytan would likely be deported after serving his time in custody, the court made it clear that it was not basing its sentencing decision on that factor. Instead, the trial court followed a court policy categorically excluding defendants subject to immigration holds from split sentencing. In doing so, the trial court failed to properly exercise its discretion.

Based on the foregoing, we must remand in order for the court to exercise its sentencing discretion. We note, however, that we express no opinion as to whether the court should impose a split sentence.

## II.  *Section 654*

A.  Additional Background

When it orally pronounced Gaytan's sentence, the trial court stated that it would impose the low term of 16 months on the hidden compartment conviction in count 2 and stay a low term two-year sentence for the transportation conviction in count 1 pursuant to section 654.  The court also imposed a 10-year term for the true finding on the allegation that Gaytan transported over 10 kilograms of methamphetamine.  Accordingly, the court stated the total sentence was 11 years 4 months.

The trial court's minutes and abstract of judgment reflect imposition of the longer two-year sentence on count 1 with the sentence on count 2 running concurrently, rather than stayed.  Those documents also showed a 10-year consecutive sentence for the true finding on the weight allegation.  Accordingly, the minutes and abstract of judgment reflected an aggregate sentence of 12 years.

B.  Analysis

Gaytan contends his crimes arose from an indivisible course of conduct and thus, pursuant to section 654, the trial court should have imposed the longer two-year sentence on count 1 and stayed the sentence on count 2.  The Attorney General concedes that Gaytan's crimes arose from a single course of conduct and that application of section 654 required the trial court to impose the greater sentence of the two crimes.  However, the Attorney General argues that rather than correct the sentence, we should remand the matter to the trial court to reconcile its incorrect oral pronouncement of sentence, minute order and abstract of judgment.  We agree with the Attorney General.

Section 654, subdivision (a) states, "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the *longest potential term of imprisonment*, but in no case shall the act or omission be punished under more than one provision." (Italics added.) Section 654 bars double punishment, including concurrent sentences, for a course of conduct constituting one indivisible transaction with one criminal objective. (*People v. Latimer* (1993) 5 Cal.4th 1203; *People v. Lee* (1980) 110 Cal.App.3d 774, 785.) "[W]hen a court determines that a conviction falls within the meaning of section 654, it is necessary to *impose* sentence but to stay the *execution* of the duplicative sentence . . . pending completion of service of sentence upon the greater offense, with the stay to become permanent upon completion of that sentence." (*People v. Duff* (2010) 50 Cal.4th 787, 796.)

Where there is a discrepancy between the court's oral pronouncement of judgment and the minute order or abstract of judgment, the oral pronouncement controls. (*People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2 [record of trial court's oral pronouncement controls over clerk's minute order]; *People v. Samaniego* (2009) 172 Cal.App.4th 1148, 1183 [oral pronouncement controls over abstract of judgment].)

Here, the court's oral pronouncement of Gaytan's sentence was erroneous as it imposed the 16-month sentence on count 2 and stayed the longer two-year sentence on count 1. Pursuant to section 654, the court was required to impose the longest potential term of imprisonment and stay the execution of the duplicative sentence. The abstract of judgment and minute order are incorrect in that they reflect imposition of the longer two-

8

year sentence on count 1 with the sentence on count 2 running concurrently, rather than stayed. While the general rule is that the court's oral pronouncement controls, we do not apply that rule in this case because there were errors in the oral pronouncement as well as the abstract of judgment and minute order. Moreover, because we are remanding for the trial court to exercise its sentencing discretion, this issue may be moot in light of the court's new sentence. In the event the trial court confirms its original sentence, it shall correct the discrepancy between its oral pronouncement of sentence, minute order and abstract of judgment.

## DISPOSITION

Gaytan's sentence is reversed and the matter is remanded for resentencing. On remand, the court shall exercise its discretion regarding imposition of a split sentence under section 1170, subdivision (h)(5) after considering the offense, the offender and the public interest. The trial court shall also correct the section 654 discrepancy between its oral pronouncement of sentence, minute order and abstract of judgment.

McINTYRE, Acting P. J.

WE CONCUR:

AARON, J.

IRION, J.

9