Filed 11/29/21  P. v. Deen CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KAMARU I. DEEN,<br><br>    Defendant and Appellant. | 2d Crim. Nos. B309187,<br>B310736<br>(Super. Ct. No. BA466570)<br>(Los Angeles County) |

Kamaru I. Deen was an Uber driver.  He picked up a female passenger.  When she got to her destination, he pulled her out of the car, restrained her against the car, and sexually assaulted her.

Deen was charged with three counts:  (1) Assault with intent to commit a felony (Pen. Code,[1] § 220, subd. (a)(1)); (2) sexual battery by restraint (§ 243.4, subd. (a)); and (3) false imprisonment by violence (§ 236).  The prosecution offered Deen a plea bargain.  He could plead no contest to count 1, a strike

_____

[1] All statutory references are to the Penal Code.

offense, or no contest to count 2, a non-strike offense. If he pled to count 1, he would receive two years; if he pled to count 2, he would receive four years.

Deen chose to plead to count 2. At his sentencing hearing, he told the trial court that he should receive only the mid-term of two years because he had no prior convictions. The court told him that was not the plea bargain. Deen pled no contest to count 2 and was sentenced to state prison for the upper term of four years. Counts 1 and 3 were dismissed.

On November 17, 2020, Deen filed a notice of appeal from the judgment of conviction and sentence entered following his plea. The trial court denied his request for a certificate of probable cause. Deen's appeal was docketed in this court in Case No. B309187. On January 15, 2021, this court ordered that the appeal would be limited to issues that do not require a certificate of probable cause.

On November 10, 2020, Deen petitioned the trial court for a writ of habeas corpus, contending that his sentence should be modified from the high-term to the mid-term. He claimed that he received ineffective assistance of counsel when his counsel failed to convince the trial court that he should be sentenced to two years in prison. On January 5, 2021, the trial court denied the petition. On February 8, 2021, Deen filed a notice of appeal from the court's order denying his habeas petition. The appeal was docketed in this court in Case No. B310736.

On March 19, 2021, this court consolidated the appeals in Case Nos. B309187 and B310736. We deferred resolution of the question whether the trial court's order of January 5, 2021, was an appealable order, pending completion of briefing.

We appointed counsel to represent Deen in the consolidated appeals.  After examining the record, counsel filed a brief raising no issues.

On September 8, 2021, we advised Deen by mail that he had 30 days within which to personally submit any contentions or issues that he wished to raise on appeal.  We received no reply.

Having reviewed the record in Case No. B310736, we conclude the trial court's order of January 5, 2021, denying Deen's habeas petition, is not an appealable order.  It is well settled that the right to appeal is statutory and that a judgment or order is not appealable unless expressly authorized by statute. (*People v. Mazurette* (2001) 24 Cal.4th 789, 791; *In re Clark* (1993) 5 Cal.4th 750, 767, fn. 7.)  No statute authorizes an appeal from an order denying a post-conviction habeas petition.  (See Pen. Code, § 1237.)  Accordingly, on this court's own motion, the appeal in Case No. B310736 is dismissed for lack of jurisdiction.

We have reviewed the entire record in Case No. B309187 and are satisfied that Deen's attorney has fully complied with her responsibilities and that no arguable issue exists.  (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment in Case No. B309187 is affirmed.  The appeal in Case No. B310736 is dismissed for lack of jurisdiction.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.                    TANGEMAN, J.

3

Craig J. Mitchell, Judge

Superior Court County of Los Angeles

_____

Dee A. Hayashi, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.