Filed 10/27/25  P. v. Pamuk CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>AHMET PAMUK,<br><br>        Defendant and Appellant. | B336517<br><br>(Los Angeles County<br>Super. Ct. No. BA502090) |

APPEAL from an order of the Superior Court of Los Angeles County, Deborah S. Brazil, Judge.  Dismissed.

Agopoglu Law Corp. and Berc Agopoglu, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Shezad H. Thakor and Susan S. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

—————————————

Ahmet Pamuk appeals from an order denying his motion for mental health diversion under Penal Code section 1001.36.[1] In the same order denying diversion, the trial court accepted Pamuk's no-contest plea to a felony charge of carrying a concealed firearm and directed him to complete six months of a mental health program. The court set a date nine months later for a probation and sentencing hearing, at which, depending on whether Pamuk successfully completed the program, the court would either reduce his felony conviction to a misdemeanor and sentence him without placing him on probation, or sentence him on the felony conviction to three years in county jail and place him on probation for two years.

After the parties briefed the merits of the trial court's denial of diversion, we directed the parties, pursuant to Government Code section 68081, to file supplemental letter briefs addressing whether the record contains a final judgment within the meaning of Penal Code section 1237, subdivision (a), and whether, if the record does not contain a final judgment, we must dismiss the appeal.

In his letter brief, Pamuk does not address either of the two issues we specified; instead, he repeats his arguments on the merits. The Attorney General argues that the record does not contain a final judgment and that we must dismiss the appeal.

We conclude that the trial court's order denying diversion is not appealable because it neither imposed sentence nor granted probation. (See § 1237.) Further, the record contains no subsequent order or judgment. Accordingly, we must dismiss the appeal.

---

[1] Undesignated statutory references are to the Penal Code.

## BACKGROUND

On September 1, 2021, Los Angeles Police Department officers arrested Pamuk after observing him in possession of a rifle on a public street and finding a handgun in his pocket. The People charged Pamuk by information with possession of an assault weapon (the rifle) (§ 30605, subd. (a); count 1) and carrying a concealed firearm (the handgun) (§ 25400, subd. (a)(2); count 2). As to count 2, the People alleged that the concealed firearm and unexpended ammunition were in the immediate possession of, and readily accessible to, Pamuk and that the firearm was not registered to him (§ 25400, subd. (c)(6)).

Pamuk filed a motion for mental health diversion and attached a report from a psychologist who opined that Pamuk had three qualifying disorders, including "Stimulant Use Disorder, Cocaine, Severe." Pamuk reported to the psychologist that on the morning of his arrest on September 1, 2021, he used cocaine and alcohol, hallucinated a snake attack, and obtained his roommate's guns from his roommate's room before the police arrested him on the street. The psychologist opined: "[T]here is enough evidence to support that his mental health disorder (cocaine use disorder) significantly contributed to his involvement in the commission of the offense." The prosecutor opposed diversion, arguing that Pamuk possessed the firearms in his residence *before* he experienced a hallucination on September 1, 2021, and that his qualifying disorders therefore were not a significant factor in his possession.

In November 2023, the trial court held a hearing on Pamuk's motion for mental health diversion. The court found that Pamuk was not eligible for diversion, explaining: "[T]he court does not see the nexus in the report by the qualified

3

medical expert addressing the possession of the firearm and how his mental health, depression, and drug use, as a DSM-recognized condition, was a substantial factor in the possession of the firearm."

At the same hearing, Pamuk pled no contest to count 2 (carrying a concealed firearm) as a felony. The trial court convicted him of the felony. Pursuant to the terms of Pamuk's conditional plea agreement, the court ordered him to complete six months of a mental health program. The court scheduled a probation and sentencing hearing for September 11, 2024 (nine months later), and stated that at that time, depending on whether Pamuk successfully completed the mental health program, the court would either reduce the conviction to a misdemeanor and sentence him without placing him on probation, or sentence him on the felony conviction to three years in county jail and place him on probation for two years.

At the conclusion of the hearing, Pamuk's counsel inquired, "[B]ecause it's a conditional plea, does he have to check in with the probation office?" The trial court responded: "He's not on probation. [¶] . . . [¶] It's a conditional plea to the court."

On January 19, 2024, Pamuk filed a timely notice of appeal from the order denying diversion and obtained a certificate of probable cause.

## DISCUSSION

"[A] reviewing court is 'without jurisdiction to consider an appeal from a nonappealable order, and has the duty to dismiss such an appeal upon its own motion.' " (*In re Mario C.* (2004) 124 Cal.App.4th 1303, 1307.) " 'It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless

expressly made so by statute.' " (*People v. Mazurette* (2001) 24 Cal.4th 789, 792 (*Mazurette*).)

"[S]ection 1237 . . . sets forth the situations in which a criminal defendant may appeal: 'An appeal may be taken by the defendant: [¶] (a) From a final judgment of conviction . . . . A *sentence*, an *order granting probation*, or [specified types of commitment] shall be deemed to be a final judgment within the meaning of this section. . . . . [¶] (b) From any order made *after judgment*, affecting the substantial rights of the party." (*Mazurette*, *supra*, 24 Cal.4th at p. 792, quoting § 1237, italics added.)

Here, we conclude that the order from which Pamuk appealed is not appealable under section 1237. The order denied Pamuk's motion for mental health diversion and convicted him of the felony offense to which he pled no contest, but it did not impose sentence on that conviction. On the contrary, the trial court stated that it would not determine whether to sentence Pamuk on his felony conviction, or whether to reduce the conviction to a misdemeanor and sentence him on the misdemeanor, until the sentencing hearing nine months later. Thus, the order was not a "sentence" within the meaning of section 1237.

Nor was it an "order granting probation" within the meaning of the statute. The trial court scheduled a probation hearing for the same future date as the sentencing hearing. Moreover, in response to Pamuk's counsel's inquiry whether he needed to report to the probation office, the court expressly stated, "He's not on probation." Thus, the order did not grant "probation" as defined by the Penal Code. (See § 1203, subd. (a) ["As used in this code, 'probation' means the suspension of the

imposition or execution of a sentence and the order of conditional and revocable release in the community under the supervision of a probation officer"].)

The Penal Code separately defines a " 'conditional sentence' " as "the suspension of the imposition or execution of a sentence and the order of revocable release in the community subject to conditions established by the court *without* the supervision of a probation officer." (§ 1203, subd. (a), italics added.) Despite the statutory distinction between a "conditional sentence" and "probation" (*ibid*), a conditional sentence is also known as "informal or summary probation" (*People v. Glee* (2000) 82 Cal.App.4th 99, 104). Significantly, "summary probation is not authorized in felony cases." (*Glee*, at p. 104; see also § 1203, subd. (d) ["If a person is *convicted of a misdemeanor*, the court may . . . summarily pronounce a conditional sentence" (italics added)].)

Here, Pamuk pled no contest to count 2 as a *felony*, and the trial court convicted him as such; the court indicated that it would not determine whether to reduce the felony conviction to a misdemeanor until the future date of the probation and sentencing hearing. Moreover, the court did not state that it was suspending imposition of sentence or granting summary probation (by any name). Thus, we conclude that the court did not order a conditional sentence. Accordingly, we need not determine whether such an order would be an "order granting probation" within the meaning of section 1237.

We conclude that because the trial court's order did not sentence Pamuk or grant probation, the order is not deemed a final judgment under section 1237. (See § 1237, subd. (a).) Further, the record contains no subsequent order or judgment.

6

Neither party has moved for augmentation of the record or judicial notice.

In short, we conclude that the record contains no appealable order or judgment. Thus, we must dismiss the appeal.[2] (*In re Mario C.*, *supra*, 124 Cal.App.4th at p. 1307.)

**DISPOSITION**

The appeal is dismissed.
NOT TO BE PUBLISHED

M. KIM, J.

We concur:

ROTHSCHILD, P. J.

WEINGART, J.

---

[2] It is immaterial that Pamuk obtained a certificate of probable cause under section 1237.5. "[A]lthough section 1237.5 lists the special conditions that will permit an appeal *from a 'judgment of conviction'* following a plea of nolo contendere, that section has no application when, as here, there is not, as yet, a [final] judgment of conviction." (*Mazurette*, *supra*, 24 Cal.4th at p. 794, italics added.)