Filed 10/16/23  P. v. LaCroix CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JEREMIAH LACROIX,<br><br>    Defendant and Appellant. | B318742<br><br>(Los Angeles County<br>Super. Ct. No. GA102302) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Charlaine F. Olmedo, Judge.  Dismissed.

Patricia A. Scott, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Rene Judkiewicz, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

## INTRODUCTION

In 2019, defendant Jeremiah LaCroix was convicted of murder with gang and gun enhancements. In his direct appeal from that conviction, he raised various sentencing errors, which the People conceded. We modified the judgment to correct the errors, affirmed the judgment as modified, and remanded the matter with directions to the trial court to prepare a new abstract of judgment reflecting the modified sentence.

On appeal after remand, defendant argues he is entitled to the ameliorative benefits of several changes to the law enacted after judgment was imposed in his case. Although the People initially conceded these issues, they retracted those concessions in response to our request for letter briefs. The People now contend, and we agree, that the trial court did not resentence defendant on remand. It was this court that modified the judgment, and as such, there is no new trial court judgment from which defendant can appeal. As we lack jurisdiction over this matter, the appeal is dismissed.

## BACKGROUND[1]

After exchanging words with members of another gang at a bar, defendant left the bar and returned with a gun. Hostilities ensued, and defendant shot three people, one of them fatally.

Defendant was convicted by jury of second degree murder (Pen. Code, § 187, subd. (a); count 1); attempted voluntary manslaughter as a lesser-included offense of attempted murder (§§ 664/192, subd. (a); count 2); possession of a firearm as a felon

---

[1]    Most of the evidence presented at trial is irrelevant to defendant's claims on appeal; we address only that evidence necessary to resolve the appeal and otherwise to provide context.

(§ 19800, subd. (a)(1); count 13); and assault with a semiautomatic firearm (§ 245, subd. (b); count 17).[2] The jury found gang enhancements true as to all four counts (§ 186.22, subds. (b)(1)(A), (B), (C)). The jury also found defendant personally and intentionally discharged a firearm causing death (§ 12022.53, subd. (d); count 1), personally used a firearm (§ 12022.5, subd. (b)), and inflicted great bodily injury (§ 12022.7; counts 2 & 17). Defendant was acquitted of two additional counts of attempted murder, and the court dismissed a third count of attempted murder under section 1118.1.

The court sentenced defendant to an indeterminate term of 50 years to life and a consecutive determinate term of 15 years, 8 months. For the indeterminate term, the court imposed 15 years to life for count 1 (§ 187, subd. (a)) plus 15 years to life for the gun enhancement (§ 12022.53, subd. (d)) and 10 years for the gang enhancement (§ 182.22, subd. (b)(1)(C)). The court sentenced defendant to an aggregate determinate term of 15 years, 8 months. The court selected count 17 as the base count and sentenced defendant to 12 years: the high term of nine years (§ 245, subd. (b)), plus three years for the great-bodily-injury enhancement (§ 12022.7, subd. (a)). The court imposed a consecutive two-year term for count 2: one year (one-third the mid-term) for the substantive offense (§§ 664/192, subd. (a)) and one year (one-third the mid-term) for the great-bodily-injury enhancement. Finally, the court imposed a consecutive one year, eight month term for count 13: eight months (one-third the mid-term) for the substantive offense (§ 29800, subd. (a)(1)) and one

---

[2] All undesignated statutory references are to the Penal Code.

3

year (one-third the mid-term) for the gang enhancement
(§ 186.22, subd. (a)(1)(A)).  The court stayed the gang and gun
enhancements for counts 2 and 13 under section 654.

When the case first came before us on appeal, defendant
raised various sentencing errors.  By unpublished opinion, we
modified the judgment and affirmed as modified.  (*People v.
LaCroix* (Aug. 28, 2021, B304354) [nonpub. opn.].)  As discussed
in more detail below, we remanded with directions to the trial
court to prepare a new abstract of judgment reflecting the
modified judgment and to send a certified copy of the new
abstract to the Department of Corrections and Rehabilitation.
(*Id.* at p. 5.)  In all other respects, we affirmed.  (*Ibid.*)

Upon remand, at an in-person hearing, the trial court made
the changes to the judgment indicated in the disposition.
Defendant filed a notice of appeal.

After both parties' appellate briefs alluded to the in-person
proceeding as a "resentencing hearing," we requested
supplemental briefing on whether the hearing "resulted in an
appealable order from which this court has jurisdiction to decide
the appeal."  (See *Jennings v. Marralle* (1994) 8 Cal.4th 121, 126
(*Jennings*) [reviewing courts have an independent duty to raise
the issue when doubt exists about their own jurisdiction].)

### *DISCUSSION*

### 1.    *Proceedings on Remand*

On August 28, 2021, we issued an unpublished opinion in
defendant's direct appeal, *People v. LaCroix.*  (*People v. LaCroix*
(Aug. 28, 2021, B304354).)  Our disposition stated:  "The
judgment is modified as follows:  (1) as to count 1, murder, the
10-year enhancement under section 186.22, subdivision (b)(1)(C)
is stricken and a 15-year minimum parole eligibility term

4

imposed; and (2) as to count 13, possession of a firearm by a felon, the sentence and related enhancement are stayed pursuant to section 654.  The trial court is directed to prepare a new abstract of judgment reflecting these changes.  The clerk shall forward the new abstract to the Department of Corrections [and Rehabilitation].  As modified, the judgment is affirmed." (*Id*. at p. 5.)

On February 17, 2022, upon remand, the trial court held a hearing at which counsel for defendant and counsel for the prosecution were present.  The court stated:  "All we'll do is modify the judgment as indicated by the Court of Appeal, and I'll put that on the record.  And then we'll make sure we transmit that to the California Department of Corrections."  Counsel for defendant and the prosecution agreed to that procedure.  The court then continued:  "So, looking at the remittitur and the decision and remittitur filed October 18th of 2021, the court has been directed to strike the ten-year enhancement pursuant to 186.22(b)(1)(C) and simply indicate to impose a 15-year minimum parole eligibility term; and as to count 2 and count 13, stay the sentences pursuant to Penal Code section 654."  Counsel for both parties accepted the modification.

## 2.   *The Trial Court Did Not Enter an Appealable Judgment or Order*

In California, the right to appeal is statutory.  (*People v. Loper* (2015) 60 Cal.4th 1155, 1159 ["The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute"].)  The existence of an appealable judgment or order is a jurisdictional prerequisite to an appeal.  (*Jennings*, *supra*, 8 Cal.4th at p. 126.)  Section 1237 sets forth the

5

situations under which a criminal defendant may appeal.[3]  The statute authorizes appeals from "final judgments[,] those orders deemed by statute to be final judgments," and any "order made after judgment, affecting the substantial rights of the party." (*People v. Mazurette* (2001) 24 Cal.4th 789, 792 (*Mazurette*); § 1237, subds. (a) & (b).)

A *newly imposed* sentence following resentencing constitutes an appealable "final judgment of conviction."  (*People v. Arias* (2020) 52 Cal.App.5th 213, 219–221.)  But not all proceedings on remand trigger the right to appeal.  The rule remains that absent a judgment, a judgment substitute, or a qualifying postjudgment order, a defendant cannot appeal. (*Mazurette*, *supra*, 24 Cal.4th at pp. 792–793.)

Defendant contends that the proceedings below must be understood as a resentencing hearing resulting in a new appealable judgment.  We disagree.  Our disposition did not authorize resentencing, a point plainly understood by the trial court, which did not characterize the remand proceeding as a resentencing hearing.  Inviting counsel to attend a hearing for

---

[3]     Section 1237 provides:  "An appeal may be taken by the defendant:  [¶]  (a) From a final judgment of conviction except as provided in Section 1237.1 and Section 1237.5.  A sentence, an order granting probation, or the commitment of a defendant for insanity, the indeterminate commitment of a defendant as a mentally disordered sex offender, or the commitment of a defendant for controlled substance addiction shall be deemed to be a final judgment within the meaning of this section.  Upon appeal from a final judgment the court may review any order denying a motion for a new trial.  [¶]  (b) From any order made after judgment, affecting the substantial rights of the party."

the purposes of observing changes the court was making to the abstract of judgment did not covert the appearance into a resentencing hearing.  To the contrary, the court's statement that "all we'll do is modify the judgment as indicated by the court of appeal" must be understood to refer to modifying the *abstract* of judgment, not the judgment itself, as that was the only course of action "indicated by the court of appeal."  In other words, the court's statement suggests it was appropriately complying with the directions contained in the remittitur.  (See *People v. Dutra* (2006) 145 Cal.App.4th 1359, 1366 [trial court's jurisdiction upon remand limited to carrying out directions contained in remittitur].)

Because the trial court did not resentence defendant, there is no appealable judgment or order in this case.  And because there is no judgment or order from which defendant may properly appeal, we lack jurisdiction over this matter.

### *DISPOSITION*

The appeal is dismissed.


RUBIN, P. J.

WE CONCUR:



BAKER, J.                              MOOR, J.


7